**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Albert Jacob KREHBIEL, Defendant-**
**Appellant.**

**No. 73-1376.**

United States Court of Appeals,
Ninth Circuit.

Feb. 19, 1974.

Joan Celia Lavine, Los Angeles, Cal. (argued), for defendant-appellant.

Robert C. Bonner, Asst. U. S. Atty. (argued), William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

OPINION

Before DUNIWAY and CHOY, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM:

Appellant, Albert J. Krehbiel, was indicted in five counts for armed bank robbery, 18 U.S.C. § 2113(a) and (d) (1970), and after a plea of guilty to one count, was sentenced to a term of 18 years in the custody of the Attorney General, 18 U.S.C. § 4208(a)(2) (1970). The instant conviction constituted Krehbiel's second for armed robbery. After sentencing, appellant filed a motion to modify the judgment to set aside and vacate the plea and sentence so that he could be committed as a narcotic addict under the Narcotic Addict Rehabilitation Act of 1966 (NARA), 18 U.S.C. §§ 4251–4255 (1970). The district court declined to impose sentence under NARA and denied the motion.

---

* The Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

Krehbiel challenges the district court's refusal to consider him for treatment as a narcotic addict as violating (1) the equal protection of the laws as embodied in the Fifth Amendment, (2) that amendment's due process clause, and (3) the Eighth Amendment's ban on cruel and unusual punishment. Submission of this case for decision was deferred pending a decision on the merits by the Supreme Court in the case of Marshall v. Parker, 470 F.2d 34 (9th Cir. 1972). We affirm.

 In Marshall v. United States, 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974) the Court upheld the provision in the NARA, 18 U.S.C. § 4251(f)(4) (1970), which excluded from rehabilitative commitment, in lieu of penal incarceration, those addicts with two or more prior felony convictions. Finding a rational congressional purpose in excluding from the NARA program those addicts who because of prior felony records were less likely to be rehabilitated, the Court held that the Act did not deny either the rights of due process or equal protection. This reasoning and this holding are equally applicable to 18 U.S.C. § 4251(f)(1) (1970) which makes an offender who is convicted of a crime of violence ineligible for commitment under the Act.[1] We therefore find no invidious discrimination and no equal protection violation in Krehbiel's exclusion, as one convicted of a crime of violence, from NARA treatment.

The district court did not allow appellant to present independent evidence of his addiction to heroin. Appellant contends this violated his due process rights to a hearing on this issue. Section 4252 of NARA provides in part:

> "*If* the court believes that an eligible offender is an addict, it *may* place him in the custody of the Attorney General for an examination to determine whether he is an addict and is likely to be rehabilitated through treatment." (emphasis added)

Manifestly there could be no abuse of the district court's discretion to determine whether appellant was an addict, since appellant was an ineligible offender under NARA in any event.

Finally, appellant contends that penal incarceration for a narcotics addict, in lieu of treatment under NARA, is cruel and unusual punishment under Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Appellant misconstrues the latter Supreme Court decision since he is not being punished for his addiction, as was the defendant in *Robinson*, but rather is being punished for having committed armed bank robbery. Ramos v. United States, 432 F.2d 423 (9th Cir. 1970); *see* Sanchez v. Nelson, 446 F.2d 849 (9th Cir. 1971).

Affirmed.

---

1. A " '[c]rime of violence' includes . . . robbery . . . ." 18 U.S.C. § 4251(b) (1970).