# DECISIONS

OF THE

# APPEALS COURT

OF

## MASSACHUSETTS

---

PETER J. LADETTO *vs.* COMMISSIONER OF CORRECTION
& others.

Norfolk. November 20, 1978. — January 22, 1979.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Commissioner of Correction. Imprisonment,* Treatment for drug addiction. *Constitutional Law,* Cruel and unusual punishment.

An inmate of a State correctional institution had neither a statutory nor a constitutional right to be transferred to the drug addiction center at the Massachusetts Correctional Institution at Bridgewater for treatment of his drug dependency. [2-4]

CIVIL ACTION commenced in the Superior Court on December 3, 1976.

A motion to dismiss was heard by *Brogna,* J.

*Howard Friedman* for the plaintiff.

*Robert H. Claridge* for the defendants.

HALE, C.J. The plaintiff has petitioned for an order requiring his transfer from the Massachusetts Correctional Institution at Walpole to the drug addiction center at the Massachusetts Correctional Institution at Bridgewater for treatment of his drug dependency. He does not suggest that he is otherwise in need of medical treatment. The judge dismissed the petition for failure to

state a claim upon which relief could be granted. Mass. R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). There was no error.

Reading the petition in the light most favorable to the plaintiff and accepting as true all facts alleged therein and all inferences which may be properly drawn therefrom, *Nader* v. *Citron*, 372 Mass. 96, 98 (1977), we hold that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, quoting from *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). See *Haines* v. *Kerner*, 404 U.S. 519, 521 (1972). The plaintiff does not suggest, nor does it appear, that it would serve any useful purpose to allow him an opportunity to amend his petition. See *Charbonnier* v. *Amico*, 367 Mass. 146, 153-154 (1975).

1. The plaintiff cites no statute entitling him to the relief requested. Under G. L. c. 123, §§ 38-55, as most recently amended by St. 1975, c. 197, access to treatment in a drug rehabilitation program is ordinarily a matter for determination by a judge, whether in lieu of prosecution, as a part of sentencing, or as an alternative thereto. As the plaintiff now concedes, no provision is made in c. 123 for the transfer to a treatment facility of a prisoner already under sentence. Except in certain instances (see, e.g., *Inmates of the Suffolk County Jail* v. *Eisenstadt*, 494 F.2d 1196, 1198-1199 [1st Cir. 1974]), only the Commissioner of Correction has the discretionary power to order transfers from a penal facility after the prisoner has been assigned there pursuant to a conviction. G. L. c. 127, § 97 (as appearing in St. 1968, c. 627). In contrast to the area of mental illness, where prison officials may be required to take certain actions on behalf of a prisoner which could lead to his transfer to a special facility, see G. L. c. 123, § 18, as amended through St. 1973, c. 569, §§ 13, 14, no provision of the General Laws requires the Commissioner or any other prison official to transfer a prisoner or to take any step to help secure transfer to a facility offering a program of drug rehabilitation. Nor does G. L. c. 124,

§ 1(e), as amended by St. 1973, c. 430, § 9, create, by its mandate to the Commissioner to establish "programs of rehabilitation," a right to an intradepartmental transfer for the purpose of drug treatment. As to the Commissioner's power temporarily to transfer prisoners to a hospital or medical facility, see G. L. c. 127, § 117, as appearing in St. 1977, c. 582, § 1.

2. The plaintiff's constitutional claim, raised for the first time on appeal, also fails to state a claim upon which relief can be granted because the facts alleged do not show any instance of cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution or of cruel or unusual punishment prohibited by art. 26 of the Massachusetts Declaration of Rights. The plaintiff has called no case to our attention, nor have we found one, holding that a prisoner has a constitutional right to treatment to help him overcome drug addiction. We decline to extend the reasoning of *Estelle* v. *Gamble*, 429 U.S. 97 (1976), or *Bowring* v. *Godwin*, 551 F.2d 44 (4th Cir. 1977), to give a constitutional mandate to the provisions of drug rehabilitation programs. See *Smith* v. *Schneckloth*, 414 F.2d 680 (9th Cir. 1969); *Newman* v. *Alabama*, 559 F.2d 283 (5th Cir. 1977), cert. denied, 438 U.S. 915 (1978); *Laaman* v. *Helgemoe*, 437 F. Supp. 269, 314 (D.N.H. 1977); *Bresolin* v. *Morris*, 88 Wash. 2d 167 (1977). See also *Marshall* v. *United States*, 414 U.S. 417 (1974). The petitioner does not allege any drug related physical ailments that have risen to the level of "serious medical needs" to which the prison authorities have been deliberately indifferent. *Laaman* v. *Helgemoe, supra.* Cases that have held that a prisoner has a constitutional right to rehabilitative programs in certain situations (*Finney* v. *Arkansas Bd. of Corrections*, 505 F.2d 194, 208-209 [8th Cir. 1974]; *Holt* v. *Sarver*, 309 F. Supp. 362, 378-379 [E.D. Ark. 1970], aff'd, 442 F.2d 304 [8th Cir. 1971]; *James* v. *Wallace*, 382 F. Supp. 1177, 1181-1182 [M.D. Ala. 1974]; *Ahrens* v. *Thomas*, 434 F. Supp. 873, 898 [W.D. Mo. 1977], modified, 570 F.2d 286 [8th Cir. 1978]; *Laaman* v.

*Helgemoe*, 437 F. Supp. 269, 316 [D.N.H. 1977]; *Palmigiano* v. *Garrahy*, 443 F. Supp. 956, 981 [D.R.I. 1977]; but see *McCray* v. *Sullivan*, 509 F.2d 1332, 1335 [5th Cir. 1975]; *French* v. *Heyne*, 547 F.2d 994, 1002 [7th Cir. 1976]) have not done so for treatment of drug addiction and are inapposite.

*Judgment affirmed.*