Ernest R. PACE, George W. Martin, Robert J. McAlesher, on behalf of themselves, et al., Plaintiffs,

v.

William H. FAUVER, Commissioner of New Jersey Department of Corrections, and Joanne E. Finley, Commissioner of New Jersey Department of Health, et al., Defendants.

Civ. A. No. C 79–1215.

United States District Court, D. New Jersey.

Oct. 29, 1979.

Ernest R. Pace, pro se.

John J. Degnan, Atty. Gen. of New Jersey by Dorothy Ann Dygas, Deputy Atty. Gen., Trenton, N. J., for defendants.

## OPINION

WHIPPLE, Senior District Judge.

Plaintiffs Pace, Martin and McAlesher are incarcerated at Rahway State Prison in Rahway, New Jersey. They seek to establish and operate an alcoholism treatment and rehabilitation program at the prison. They have brought suit under the Civil Rights Act, 42 U.S.C. § 1983, against the Governor of the State of New Jersey and officials of the State Department of Corrections and Department of Health, seeking to compel the defendants to allow them to establish their program, as well as to provide State funds for that purpose. Presently before the Court are plaintiffs' motions for a temporary restraining order, for an order to show cause why a preliminary injunction should not issue and for a preliminary injunction, and defendants' motion to dismiss or, in the alternative, for summary judgment. The Court holds that no oral argument or evidentiary hearing is necessary, and shall proceed to decide all motions on the basis of the submitted papers. Fed. R.Civ.P. 78.

Stripped to its essentials, plaintiffs' complaint has four elements: (1) Officials of the State of New Jersey have failed to provide prisoners in the state penal system with adequate rehabilitative treatment for alcoholism, and have refused to allow plaintiffs to provide such treatment; (2) that failure to provide, and refusal to allow plaintiffs to provide rehabilitative treatment constitutes cruel and unusual punish-

458

ment, in violation of the Eighth Amendment to the United States Constitution; (3) that the New Jersey Alcoholism Treatment and Rehabilitation Act, N.J.S.A. 26:2B–7 et seq. (hereinafter "ATRA"), requires that rehabilitation programs be provided in prisons; (4) that defendants' refusal to permit plaintiffs' program and provide funds therefor is arbitrary, unreasoned and in violation of the New Jersey ATRA, and therefore denies plaintiffs equal protection and due process of law, in violation of the Fifth and the Fourteenth Amendments to the United States Constitution.

At the outset, the Court notes that there is a factual dispute as to whether alcoholism rehabilitation programs are provided at Rahway State Prison. Plaintiffs' affiants state that, to the best of their knowledge, there are at present no such programs. Defendants' affiant, Mr. Gary Walters, Assistant Bureau Chief of the Bureau of Professional Services in the Department of Corrections, states that there are two rehabilitative programs now operating at Rahway. However, the existence of a factual dispute as to whether certain services are provided to prisoners requires an evidentiary hearing only if failure to provide such services can be the basis for a sufficient complaint under § 1983. *See Taylor v. Gibson*, 529 F.2d 709, 714–15 (5th Cir. 1976).

Extending to the pro se plaintiffs the benefit of the doubt on the question of fact, *see id.* at 714, as to whether there are any alcoholic rehabilitation programs at Rahway, the Court must answer two questions in order to determine whether the complaint states a cause of action under § 1983: (1) whether failure to provide treatment for alcoholic prisoners constitutes cruel and unusual punishment, in violation of the Eighth Amendment; and (2) whether the New Jersey ATRA, N.J.S.A. 26:2B–7, et seq., requires that all incarcerated addicts be provided treatment services.

 It is now settled that the Eighth Amendment proscribes more than just the physically barbarous punishments which the drafters had in mind when the Amendment was ratified. *Gregg v. Georgia*, 428 U.S.

153, 171, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Trop v. Dulles*, 356 U.S. 86, 100–101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958); *West v. Keve*, 571 F.2d 158 (3d Cir. 1978). The Amendment has been held to incorporate " 'broad and idealistic concepts of dignity, civilized standards, humanity and decency . . . ,' " *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976), *quoting Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968), against which penal measures must be evaluated. *Estelle*, 429 U.S. at 102, 97 S.Ct. 285.

 The government has an obligation to provide medical care for those whom it is punishing by incarceration. *Id.* at 103, 97 S.Ct. 285. But this does not mean that every claim by a prisoner that he has not received adequate medical care states a violation of the Eighth Amendment. *Id.* at 105, 97 S.Ct. 285. Nor may it be assumed that every debilitation or addiction cognizable as medically-related requires that the government establish a treatment facility or program in order not to violate a prisoner's Eighth Amendment rights. Rather, in order to state a sufficient Eighth Amendment claim a plaintiff must show such deliberate indifference on the part of prison officials to his serious medical needs as to offend evolving standards of decency. *Estelle, supra* at 106, 97 S.Ct. 285. *See also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978); *Young v. Gray*, 560 F.2d 201 (5th Cir. 1977); *Cruz v. Ward*, 558 F.2d 658 (2d Cir. 1977). As the Third Circuit has stated, "not every injury or illness invokes the constitutional protection—only those that are 'serious' have that effect." *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). A "serious" medical need may fairly be regarded as one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention. *See id.; Laaman v. Helgemoe*, 437 F.Supp. 269, 311 (D.N.H.1977).

 The Court does not regard plaintiffs' desire to establish and operate an alcoholic rehabilitation program within Rahway

State Prison as a serious medical need for purposes of Eighth Amendment and § 1983 analysis. As the Supreme Court has stated in the context of drug addiction, "there is no 'fundamental right' to rehabilitation . . . at public expense after conviction of a crime." *Marshall v. United States*, 414 U.S. 417, 421, 94 S.Ct. 700, 704, 38 L.Ed.2d 618 (1974). Following the *Marshall* reasoning, the Ninth Circuit has held that the Eighth Amendment is not violated when a drug addict is incarcerated for bank robbery rather than provided with treatment for his addiction. *United States v. Krehbiel*, 493 F.2d 497, 498 (9th Cir. 1974). Similarly, this Circuit has held that there is no constitutional right to methadone or to the establishment in prisons of methadone maintenance facilities for the treatment of drug addiction, *Norris v. Frame*, 585 F.2d 1183, 1188 (3d Cir. 1978); although under certain emergent circumstances failure to provide a prisoner with methadone treatment may constitute an Eighth Amendment violation. *Id.* at 1189. *See also Hines v. Anderson*, 439 F.Supp. 12, 17 (D.Minn.1977); *Cudnik v. Kreiger*, 392 F.Supp. 305, 312 (N.D.Ohio 1974).

■ The Court takes judicial notice that alcohol and narcotics abuse is a serious problem in the United States. Moreover, the Court recognizes that in deciding whether the Eighth Amendment requires that State prison and health officials allow the establishment of rehabilitation programs, that Amendment "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 596 (1958). However, whatever may be our hopes for the standards of the future, the Court cannot at this time hold that failure or refusal to provide opportunities to establish and operate alcoholism rehabilitation facilities in state prisons rises to the magnitude of cruel and unusual punishment. *See Smith v. Schneckloth*, 414 F.2d 680, 682 (9th Cir. 1969). *See also Ladetto v. Commissioner of Correction*, —— Mass.App. ——, ——, 385 N.E.2d 273, 275 (1979); *Bresolin v. Morris*, 88 Wash.2d 167, 558 P.2d 1350 (1977).

There remains to consider plaintiffs' equal protection and due process claims under the Fifth and Fourteenth Amendments. Plaintiffs assert that the New Jersey ATRA requires that defendants allow the establishment of and provide funds for their proposed alcoholism rehabilitation program, and thus that defendants' refusal to let plaintiffs proceed violates their due process and equal protection rights under the United States Constitution. The Court disagrees with plaintiffs' construction of the ATRA.

■ The sole reference in the ATRA to penal institutions is at N.J.S.A. 26:2B–13 (Supp.1979), which in relevant part provides:

> The department [of health] is hereby authorized, empowered and directed under this act to:

> . . . . .

> h. Cooperate with the Department of Institutions and Agencies in establishing and conducting a program for the prevention and treatment of alcoholism in penal institutions.

> . . . . .

This section of the ATRA has yet to be construed by a New Jersey state court. This Court finds that under no reasonable construction of the provision may it be concluded that the Department of Health and the Department of Institutions and Agencies are required to permit inmates to establish and operate, with the help of State monies, alcoholism prevention and treatment programs in penal institutions. All that the statute by its terms requires is that the two Departments *cooperate* in establishing and conducting such programs. There is no express mandate to permit or fund inmate-supervised programs, and this Court will not imply such a mandate.

Thus, having concluded that the New Jersey ATRA, N.J.S.A. 26:2B–7 et seq., does not require that the Department of Institutions and Agencies and Department of Health permit and fund the establishment and operation of inmate-sponsored alcohol-

**460**

ism rehabilitation programs in state penal institutions, the Court rejects plaintiffs' claim that they have been deprived of their rights to due process and equal protection of the laws.

To summarize, the Court holds that defendant officials' refusal to provide or to allow plaintiffs to provide alcoholism rehabilitation programs at Rahway State Prison violates neither the Fifth, Eighth or Fourteenth Amendment to the United States Constitution nor the New Jersey ATRA. The Court concludes that decisions whether to provide alcoholism treatment to prisoners or to allow prisoners independently to establish and operate treatment programs are best left to the discretion of prison authorities. *See generally Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979).

Accordingly, plaintiffs' motions for a temporary restraining order, for an order to show cause and for a preliminary injunction must be and hereby are denied; *see Constructors Association of Western Pennsylvania v. Kreps*, 573 F.2d 811, 814 (3d Cir. 1978), and defendants' motion to dismiss for failure to state a claim upon which relief can be granted must be and hereby is granted.