**David W. WILLIAMSON, Plaintiff,**

v.

**Sharese BREWINGTON–CARR, et al., Defendants.**

**No. 97–710–SLR.**

United States District Court, D. Delaware.

Nov. 26, 2001.

Samuel David Brickley, II, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for plaintiff.

Stuart B. Drowos, Department of Justice, Wilmington, DE, John A. Eberly, Department of Justice, Wilmington, DE, for defendants.

## MEMORANDUM ORDER

SUE L. ROBINSON, Chief Judge.

### I. INTRODUCTION

On December 30, 1997, plaintiff David W. Williamson filed a *pro se* complaint[1] against defendants Sharese Brewington–Carr, Raphael Williams, Mary Cooper, Officer Wilkes and Officer Swan for alleged violations of plaintiff's rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. (D.I.2) On July 16, 1999, plaintiff amended the complaint to include similar claims against Prison Health Services ("PHS") and additional state employees: Michelle Salter, Roderick Johnson and Pamela Falkner–Minor. (D.I.59) Specifically, plaintiff alleges that from February 1996 through July 16, 1999, he was treated with deliberate indifference to serious medical needs when PHS failed to treat plaintiff's abscessed tooth and periodontal disease.[2] (*Id.* at ¶¶ 10–22) Currently before the court is PHS's motion to dismiss plaintiff's complaint for failure to state an Eighth Amendment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, defendant's motion to dismiss is denied.

### II. BACKGROUND

The following recitation of events is based upon the allegations set forth in plaintiff's complaint. At all times relevant to the complaint, plaintiff was an inmate at Delaware's Multi–Purpose Criminal Justice Facility ("MPCJF"). In late 1996, plaintiff visited MPCJF's dental offices for treatment of a cavity that was causing him pain. Plaintiff was "x-rayed and told to be rescheduled for extraction of his lower right rear tooth # 29." (D.I. 59 at ¶ 11) The extraction of tooth # 29 never occurred. Plaintiff alleges that the tooth subsequently became infected, caused him pain and suffering, and has affected his ability to eat, sleep, and otherwise function normally. (*Id.*)

In May of 1998, plaintiff began experiencing reoccurring oral gum infections causing swelling, pain, loss of sleep, and loss of appetite. (*Id.* at ¶ 14) Upon returning to MPCJF's dental offices, plaintiff was told by Grace,[3] a dental assistant, that there was "nothing she could do." (*Id.*) In response, plaintiff then filed a medical grievance and was again examined on October 22, 1998. (*Id.*) Dental x-rays revealed a "pocket" in the infected area caused by periodontal disease. Plaintiff was told by the dental staff, "we can't help you with that problem, you're going to lose that tooth." (*Id.*) Plaintiff alleges that this infection is the same one that has gone untreated since 1996 and which has caused "many subsequent oral gum infections," all diagnosed by MPCJF's dental staff.[4] (*Id.*)

Plaintiff further alleges that his permanently damaged front tooth was treated with an epoxy compound to temporarily hold it in place, despite plaintiff explaining that he was serving a twenty-three year sentence. (*Id.* at ¶ 13) According to plaintiff, MPCJF's dentist told him, "you will

---

1. Plaintiff is now represented by counsel.

2. According to plaintiff's complaint, PHS is responsible for providing inmates with adequate and reasonable health, mental, medical and dental services. This includes providing preventative, diagnostic, and therapeutic measures on an outpatient and hospital basis. (D.I. 59 at ¶ 2)

3. Grace's full name is not apparent from the record.

4. Plaintiff claims that the dental staff has told him, "we don't clean teeth here, it's not in our budget, there are 1700 inmates here, you have to be patient." (D.I. 59 at ¶ 14)

have to get it taken care of when you get out," and prescribed antibiotics. (*Id.*)

On May 11, 1999, three months after submitting emergency medical grievance number 1034, plaintiff received an allegedly substandard cleaning at the MPCJF dental office. Plaintiff was told by the dentist that, "at this point this cleaning is not going to solve the underlying problems, it will help with the gum infection symptoms but you need to see a specialist." (*Id.* at ¶ 20–21)

On June 23, 1999, plaintiff filed his fifth emergency grievance report concerning his ongoing oral infections in tooth # 29. (*Id.* at 14) In the meantime, on June 28, 1999, tooth # 8 (which had been secured with "tooth spit compound" by the dental staff) had broken free and had cracked tooth # 9, causing severe pain and bleeding. (*Id.* at ¶ 15) On May 29, 1999, Dr. Kaz, an MPCJF dentist, told plaintiff that tooth # 8 and # 29 must be immediately extracted due to level 10 periodontal disease. (*Id.* at ¶ 14) Dr. Kaz recommended that plaintiff receive a semiannual cleaning and antibacterial mouthwash, but told plaintiff that "that's not likely going to happen ... there are just too many people [in this facility] to do that." (*Id.* at ¶ 16) Dr. Kaz offered to insert a partial plate to replace the front tooth that was to be extracted, provided that plaintiff obtain a written authorization for the procedure from PHS. (*Id.* at 18) As of July 14, 1999, plaintiff was still waiting for authorization from PHS and his teeth were not extracted, causing further pain and suffering.

## III. STANDARD OF REVIEW

In analyzing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v.* *Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991). Following this standard, the court turns to an examination of the sufficiency of plaintiff's complaint.

## IV. DISCUSSION

 Plaintiff alleges that PHS failed to provide him with adequate health care in violation of the Eighth Amendment. To state a violation of the Eighth Amendment's right to adequate health care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *accord White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990). Plaintiff must demonstrate: (1) that he had a serious medical need, and (2) that the defendant was aware of this need and was deliberately indifferent to it. *See West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978); *see also Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir.1987).

 The seriousness of a medical need may be demonstrated by showing that the need is " 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.' " *Monmouth*

*County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987) (quoting *Pace v. Fauver,* 479 F.Supp. 456, 458 (D.N.J.1979)). Moreover, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id.*

■■■ As to the second requirement, an official's denial of an inmate's reasonable requests for medical treatment constitutes deliberate indifference if such denial subjects the inmate to undue suffering or a threat of tangible residual injury. *See id.* at 346. Deliberate indifference may also be present if necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical treatment. *See id.* at 347. However, an official's conduct does not constitute deliberate indifference unless it is accompanied by the requisite mental state. Specifically, "the official [must] know . . . of and disregard . . . an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). While a plaintiff must allege that the official was subjectively aware of the requisite risk, he may demonstrate that the official had knowledge of the risk through circumstantial evidence and "a fact finder may conclude that a[n] . . . official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842, 114 S.Ct. 1970.

■■■ Accepting plaintiff's allegations as true, the complaint sufficiently alleges that PHS violated plaintiff's Eighth Amendment right to adequate health care by denying plaintiff proper dental treatment. Plaintiff's abscessed tooth, recurring gum infections, pain, suffering and resulting "permanent loss" of two teeth constitute "serious" medical needs. Furthermore, plaintiff has sufficiently alleged that PHS was aware of plaintiff's dental problems and the health risks associated with them.

## V. CONCLUSION

Therefore, at Wilmington, this 26th day of November, 2001;

IT IS ORDERED that:

1. Defendant PHS's motion to dismiss (D.I.80) is denied.

2. Plaintiff's motion for oral argument (D.I.82) is denied as moot.