David **RITCHIE**, Sr., and David **Ritchie**, Jr., General Administrator and Administrator Ad Prosequendum of the Estate of Elsie Mae **Ritchie**, Decedent, Plaintiffs,

v.

Earl **CAHALL** et al., Defendants.

Earl **CAHALL** and Material Fabrication Company, a corporation, Third Party Plaintiffs,

v.

**EBERT MOTOR COMPANY**, a corporation of the State of Pennsylvania, and the State of New Jersey, Third Party Defendants.

Civ. A. No. 74–722.

United States District Court, D. New Jersey.

Jan. 7, 1974.

Parker, McCay & Criscuolo by Richard E. Gehret, Mount Holly, for defendants, third party plaintiffs, Earl Cahall and Material Fabrication Company.

William F. Hyland, Atty. Gen., of New Jersey by Thomas H. Klein, Deputy Atty. Gen., Trenton, N. J. for third party defendant, State of New Jersey.

Moss & Powell by Philip R. Lezenby, Jr., Moorestown, N. J., for third party defendant, Ebert Motor Company.

## OPINION

COHEN, Senior Judge:

This is a diversity action arising out of an automobile accident which occurred in May, 1973. The State of New Jersey was impleaded as a third party defendant on the theory that it carelessly designed and maintained State Highway No. 31 so as to create a dangerous condition. The State moves to dismiss the third party complaint on the grounds that the action is barred by the Eleventh Amendment and that the claim was not made in a timely manner under the New Jersey Tort Claims Act, N.J.S.A. § 59:1-1 et seq. The threshold issue, therefore, is whether the State of New Jersey has consented to be sued in federal court.

It is well settled that in deciding whether a State has waived its immunity under the Eleventh Amendment,[1] a waiver will be found to exist only where stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." (citation omitted) Edelman v. Jordan,

415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974). It is also well settled that even when a state consents to suit in its own courts, it does not follow that a similar suit may be maintained in the federal courts.

As the Supreme Court has noted:

Federal courts, sitting within states, are for many purposes courts of that state, (citation omitted) but when we are dealing with the sovereign exemption from judicial interference in the vital field of financial administration a clear declaration of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found. Great Northern Insurance Co. v. Read, 322 U.S. 47, 54, 64 S.Ct. 873, 877, 88 L.Ed. 1121 (1943) cited with approval in Edelman v. Jordan, *supra*.

In deciding whether the State of New Jersey has waived its Eleventh Amendment immunity from suit in federal court, one must examine the recently enacted New Jersey Tort Claims Act, N.J. S.A. § 59:1-1 et seq. The Act contains a declaration of legislative intent embodied in N.J.S.A. § 59:1-2:

The Legislature recognizes the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity. On the other hand the Legislature recognizes that while a private entrepreneur may readily be held liable for negligence within the chosen ambit of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done. Consequently, it is hereby declared to be the public policy of this State that public entities shall only be liable for their negligence within the limitations of this act and in accordance with the

---

[1]. The Eleventh Amendment provides: "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

fair and uniform principles established herein. All of the provisions of this act should be construed with a view to carry out the above legislative declaration.

■ The approach taken by the Act is that immunity exists except where specified elsewhere to the contrary. Thus immunity, rather than liability, is the general rule. N.J.S.A. § 59:2–1 provides:

a. Except as otherwise provided by this act, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

b. Any liability of a public entity established by this act is subject to any immunity of the public entity and is subject to any defenses that would be available to the public entity if it were a private person.

■ Nowhere in the Act is there any indication that the immunity provided by the Eleventh Amendment is impaired. In fact, the Act specifies that:

Tort claims against a public entity or public employee acting within the scope of his employment shall be heard by a judge sitting without a jury in accordance with the rules governing the courts of the State of New Jersey. N.J.S.A. § 59:9–1

■ A state may, if it wishes, condition its consent to be sued on the filing of suit in one of its own courts. Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900); Great Northern Life Insurance Co. v. Read, *supra.*

Defendant-third party plaintiff, seeks to avoid the bar of sovereign immunity by relying on N.J.S.A. § 59:2–2:

a. A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances.

b. A public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable.

The argument advanced is that since a public entity is to be treated as a private person for purposes of the Act, and a private party could be impleaded in this case, the State should also be subject to impleader. This construction, however, contradicts the general intent of the Act which provides for immunity with exceptions, rather than liability with exceptions. § 59:2–2 must be read in the overall context of the Act, and when it is so read, the argument made by third party plaintiff must fail. Flores v. Norton & Ramsey Lines, Inc., 352 F.Supp. 150 (W.D.Tex.1972), cited by third party plaintiff is inapposite. In that case the court was confronted with a statute in which the Texas Legislature waived its sovereign immunity and granted permission "to all claimants" to sue the State of Texas, 352 F. Supp. at 152. The State of New Jersey has not painted with so broad a brush. It has elected to preserve a general principle of sovereign immunity while carving out specific exceptions.

Third party plaintiff also suggests, in opposition to the State's motion, that this is a third party action, rather than a direct action. The argument made is that if the State cannot be sued in federal court, piecemeal litigation of the claim will ensue. In support of this position, third party plaintiff refers to Markey v. Skog, 129 N.J.Super. 192, 322 A.2d 513 (Law Div.1974). The issue presented there was "whether the viability of the right of a non-public defendant to seek contribution from a public entity as a joint tortfeasor is dependent upon plaintiff having complied with the claim presentation requirements of N.J.S.A. § 59:8–8." 129 N.J.Super. at 196, 322 A. 2d at 515. That case, however, at best, applies to sovereign immunity in the state courts, an issue not presented here.

■ In short, this court can find no waiver of sovereign immunity by the

**1210**

State of New Jersey such that it can be sued in federal court. It follows, therefore, that since the State may not be sued in federal court either directly or indirectly via a third party action, this court cannot entertain the crossclaim for contribution against the State by third party defendant, Ebert Motor Co.

Having concluded that the Eleventh Amendment bars this suit, the question of whether the claim was made in a timely manner need not be decided. The motion by the State of New Jersey to dismiss the third party complaint is granted.

An appropriate order may be submitted.