Gilbert **MAYNARD**, Executor of the Estate of Gilbert Maynard, Jr., an adult, deceased, and Geraldine Maynard, jointly, individually, and in the alternative, Plaintiffs,

v.

**NEW JERSEY**, East Jersey State Prison, New Jersey Department of Corrections, Elizabeth Buss, R.N., and Frederick Bauer, M.D., Defendants.

Civ. A. No. 89–1843.

United States District Court,
D. New Jersey.

July 28, 1989.

Benjamin S. Bucca, Jr., North Brunswick, N.J., for plaintiffs.

Peter N. Perretti, Jr., Atty. Gen. of New Jersey by Juan T. Gonzales, Deputy Atty. Gen., Trenton, N.J., for defendants.

WOLIN, District Judge.

On April 28, 1989 plaintiffs Geraldine and Gilbert Maynard filed a complaint against defendants New Jersey, East Jersey State Prison, New Jersey Department of Corrections, Elizabeth Buss, R.N., and Frederick Bauer, M.D., alleging violation of their son's civil rights and pendent state tort claims arising out of defendants' actions during the five months preceding plaintiffs' son's death. Specifically, plaintiffs allege that defendants' failure to diagnose and refusal to treat their son was the direct and proximate cause of his death from Acquired Immune Deficiency Syndrome ("AIDS") in violation of 42 U.S.C. § 1983 and the Eighth Amendment's prohibition against cruel and unusual punishment.

In the instant motion, defendants seek dismissal of plaintiffs' complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, the Court will grant defendants' motion to dismiss plaintiffs' complaint with prejudice as to defendants New Jersey, East Jersey State Prison, and the New Jersey Department of Corrections. However, defendants' motion to dismiss plaintiffs' claims against defendants Buss and Bauer will be denied.

## I. BACKGROUND

From mid-January 1987 until his death on May 15, 1987, plaintiffs' decedent son, Gilbert Maynard, Jr., was incarcerated at East Jersey State Prison. During this time, plaintiffs' decedent son allegedly suffered from persistent lack of energy, cough, and cold symptoms that progressed to include a sore throat, body aches, difficulty swallowing, diarrhea, and red patches on his pharynx. Plaintiffs allege in their complaint that East Jersey State Prison medical staff members Elizabeth Buss, R.N. and Frederick Bauer, M.D. treated the decedent during these months, but failed to diagnose decedent's AIDS condition at any time during January, February, March, or April 1987[1]; instead, defendants Bauer and Buss treated decedent's apparent cold symptoms with Tylenol and sore throat lozenges.

On May 3, 1987, decedent allegedly collapsed and was carried to the prison's medi-

---

[1] The New Jersey Department of Corrections has developed an elaborate protocol for medical treatment of prisoners diagnosed as AIDS victims. See Affidavit of Isabel C. Guerrero, M.D. Decedent did not receive such care while incarcerated at East Jersey State Prison because his condition was not diagnosed until on or about May 4, 1987, 11 days before his death.

cal unit by two inmates for treatment. Plaintiffs allege that defendant Buss refused to diagnose or treat the cause of decedent's collapse; instead, Buss gave decedent additional throat lozenges. Later on May 3, plaintiff Geraldine Maynard telephoned defendant Buss to demand medical care for her son; Buss allegedly refused plaintiff's request at that time. On May 4, 1987, plaintiffs' decedent son was transferred to Rahway Hospital, where he died eleven days later of AIDS.

## II. DISCUSSION

### A. Plaintiffs' Cause of Action Under 42 U.S.C. § 1983 and the Eighth Amendment

A cause of action arises under 42 U.S.C. § 1983 whenever a person acting under color of state law or usage deprives another of rights guaranteed by the United States Constitution or federal law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the *deprivation of any rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(Emphasis added). Among the many constitutional guarantees whose violation states a cause of action under § 1983 are the protections of the Eighth Amendment:

> Excessive bail shall not be required, nor excessive fines imposed *nor cruel and unusual punishments inflicted.*

(Emphasis added).

The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), that prison officials' "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." (Citation omitted). Because prison officials who display such "deliberate indifference to ser-

ious medical needs" have violated a prisoner's constitutionally-protected rights under color of state law, allegations of such official misconduct state a claim under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 105, 97 S.Ct. at 291.

### B. Standard for Dismissal for Failure to State a Claim

"A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Plain v. Flicker*, 645 F.Supp. 898, 900 (D.N.J.1986). For purposes of defendants' instant motion to dismiss, all allegations made by plaintiffs, including allegations of defendants Buss and Bauer's alleged refusal to treat decedent, will be presumed to be true.

■ Plaintiffs alleging a violation of 42 U.S.C. § 1983 have the further burden of meeting the Third Circuit's heightened specificity requirement in their pleadings. A sufficient § 1983 complaint must include allegations of "the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials." *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir.1988) *cert. denied*, — U.S. —, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989). However, in cases such as the one at bar, where the victim of defendants' alleged wrongdoing is dead and only defendants have access to, or knowledge of, the factual background necessary to form an otherwise sufficient complaint, the court must consider the complaint's sufficiency under "[t]he standard ... of reasonableness under the circumstances." *Colburn*, 838 F.2d at 667.

### C. The Standard and Requirements for a Section 1983 Claim

■ In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court articulated a two-part standard that a prisoner's claim must meet to successfully allege that prison officials' denial of medical treatment rises to the level of a violation of 42 U.S.C. § 1983 and the

Eighth Amendment's prohibition of cruel and unusual punishment:

> In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence *deliberate indifference* to *serious medical need*. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. at 106, 97 S.Ct. at 292 (emphasis added).

The Third Circuit later interpreted what types of wrongful denial of medical care meet *Estelle*'s two-part test in *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir.) *cert. denied*, — U.S. —, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1987). Prison staff and medical personnel may manifest "deliberate indifference" in violation of *Estelle*'s first prong if they "deny reasonable requests for medical treatment ... and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury.'" *Monmouth*, 834 F.2d at 346, *quoting Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Defendants Buss and Bauer's alleged pattern of repeatedly refusing to provide medical treatment for decedent's AIDS symptoms, together with defendant Buss's alleged refusal to treat decedent after his May 3 collapse, do support a claim that will survive a motion to dismiss, but must be substantiated and proven before they will amount to a pattern of deliberate indifference in violation of *Estelle*.

*Monmouth* cites with approval precedents that hold that medical personnel may not "opt for 'an easier and less efficacious treatment' of the inmate's condition" with deliberate indifference to the prisoner's serious medical needs. *Monmouth*, 834 F.2d at 347, *quoting West v. Keve*, 571 F.2d 158 (3d Cir.1978). *See also Williams v. Vincent*, 508 F.2d 541, 544 (2d Cir.1974) (if "deliberate indifference caused an easier and less efficacious treatment to be consciously chosen by the doctors" who stitched closed an inmate's ear stump rather than reattaching his severed ear, a cause of action under 42 U.S.C. § 1983 has been

stated), cited with approval in *Estelle*, 429 U.S. at 104, 97 S.Ct. at 291. Hence, if plaintiffs can substantiate their allegation that deliberate indifference motivated defendants Buss and Bauer to treat plaintiffs' son with Tylenol and throat lozenges instead of the medical procedures dictated by New Jersey Department of Corrections' AIDS treatment protocol, plaintiffs may succeed in their § 1983 cause of action.

█ Although *Estelle* and its progeny make clear that medical personnel's decision to perform "easier and less efficacious treatment" may demonstrate "deliberate indifference rather than an exercise of professional judgment" in violation of § 1983 and the Eighth Amendment, *Williams*, 508 F.2d at 544, the *Estelle* line of cases also stands for the proposition that medical malpractice alone does not rise to the level of a cause of action under § 1983. *Estelle*, 429 U.S. at 105–06, 97 S.Ct. at 292. A court may not substitute its own judgment for diagnosis and treatment decisions made by prison medical staff members. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979). Therefore, neither defendants' alleged negligent failure to diagnose decedent's AIDS affliction, nor defendants' allegedly inadequate decision to treat apparent cold symptoms with Tylenol and throat lozenges, without more, can rise to the level of a violation of decedent's § 1983 rights. Only if plaintiffs can meet their burden of proving that these allegedly "easy and less efficacious" treatments evince defendants' "deliberate indifference to serious medical need" can plaintiffs succeed in their § 1983 cause of action against defendants Buss and Bauer.

A medical need rises to the level of seriousness envisioned by *Estelle* if that need is "one that has been diagnosed by a physician as requiring treatment or *one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.*" *Monmouth*, 834 F.2d at 347, *quoting Pace v. Fauver*, 479 F.Supp. 456, 458 (D.N.J.1979), *aff'd* 649 F.2d 860 (3d Cir.1981). Plaintiffs' allegation of their son's May 3 collapse is clearly such a seri-

ous medical need that would be obvious to a lay person.

In sum, the Court finds that plaintiffs have alleged their § 1983 claims with sufficient specificity as to defendants Buss and Bauer. Plaintiffs have identified the specific actors responsible for the alleged wrongful refusals to treat their decedent son during the first four months of 1987. Furthermore, plaintiffs have identified at least two specific instances of defendant Buss's alleged refusal to render medical treatment despite the decedent's apparent serious medical need. Plaintiffs must therefore be permitted to discover additional details concerning the nature and extent of their son's medical care while he was incarcerated at East Jersey State Prison that will be necessary to substantiate and prove their § 1983 claim.

D. *Plaintiffs' Cause of Action as to Defendants New Jersey, East Jersey State Prison, and Department of Corrections*

■ The Eleventh Amendment of the United States Constitution excludes states and their agencies from the jurisdiction of federal courts:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

As plaintiffs admit in their letter brief of July 7, 1989, a cause of action cannot lie against the State of New Jersey or its agencies, East New Jersey State Prison or Department of Corrections, for violations of 42 U.S.C. § 1983 allegedly committed by state employees. *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (inmates' suit against state and its Board of Corrections barred by Eleventh Amendment unless state consented to be a party to the suit). *See also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 237–38, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (Eleventh Amendment "barred citizen from bringing a suit against his own state in federal court"); *Bennett v. White*,

865 F.2d 1395, 1406–07 (3d Cir.1989) (state immunity from federal suit under the Eleventh Amendment does not apply to actions against a state in state's own court); *West v. Keve*, 571 F.2d at 163 ("absent waiver, the Eleventh Amendment bars damage suits against a state or against state officials in their official capacities when damages will have to be paid with state funds"). Thus, plaintiffs' § 1983 claim against New Jersey, East Jersey State Prison, and New Jersey Department of Corrections must be dismissed with prejudice.

The Supreme Court has consistently refused to impose vicarious liability in actions arising under § 1983. *See Jett v. Dallas Independent School District*, ——— U.S. ———, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (Supreme Court examined statutory history of 42 U.S.C. §§ 1981 and 1983, and concluded that Congress's intent to exclude a governing entity from § 1983 liability under the theory of respondeat superior for the actions of its employees also prevented vicarious liability for those actions arising under § 1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692–93, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978) (rejected respondeat superior as theory of municipal liability because the "language [of § 1983] cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employee-employer relationship with a tortfeasor").

■ Plaintiffs' pendent state claims against New Jersey and its state prison authorities under the theory of respondeat superior articulated in the New Jersey Tort Claims Act, N.J.S.A. 59:2–2, must also fail. Federal district courts in New Jersey have historically rejected attempts to have the Tort Claims Act doctrine of respondeat superior supersede New Jersey's state sovereign immunity under the Eleventh Amendment. "Nowhere in the [Tort Claims] Act is there indication that the immunity provided by the Eleventh Amendment is impaired." *Ritchie v. Cahall*, 386 F.Supp. 1207, 1209 (D.N.J.1974). *See also Thomas v. Dietz*, 518 F.Supp. 794, 800, n. 6 (D.N.J.

1981) (prison inmate's damage action against state barred by Eleventh Amendment despite New Jersey Tort Claims Act's provision for respondeat superior). Plaintiffs' pendent state tort claims against defendants New Jersey, East Jersey State Prison, and New Jersey Department of Corrections therefore must also be dismissed with prejudice.

## III. CONCLUSION

For the reasons set forth above, defendants New Jersey, East Jersey State Prison, and New Jersey Department of Corrections' motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted will be granted with prejudice. However, the motion to dismiss plaintiffs' complaint as against defendants Elizabeth Buss, R.N. and Frederick Bauer, M.D. will be denied.