

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2005

# Mierzwa v. Garfield

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mierzwa v. Garfield" (2005). *2005 Decisions*. Paper 378.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/378

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2069
_____

EDWARD J. MIERZWA; PATRICIA A. MIERZWA,
Appellants

v.

CITY OF GARFIELD; GRUBER & COLABELLA PC; HEADLANDS MORTGAGE
COMPANY; GLEN MATTIE; ROSE ANNE MERENDINO; THOMAS J. MIERZWA;
JANE MIERZWA; TODD MOSBY; PETERPAUL, CLARK & CORCORAN PC;
RONALD SCHWARTZ, Esq.; ROBERT SHIKHMAN; SAULIUS SHIKHMAN;
TRACI SHIKHMAN; JOHN DOE INSURANCE COMPANY; STATE FARM
INSURANCE COMPANY; ESTATE OF JACOB TELESH; VALLEY NATIONAL
BANK; JAMES B. ZANGARA; UNITED STATES OF AMERICA; STATE OF
NEW JERSEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-00721)
District Judge: Honorable John W. Bissell

Submitted Under Third Circuit LAR 34.1(a)
October 11, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed October 19, 2005)

_____

OPINION

_____

PER CURIAM

Edward and Patricia Mierzwa ("Mierzwas"), pro se litigants, appeal an adverse judgment entered in the United States District Court for the District of New Jersey on their claims brought pursuant to 42 U.S.C. § 1983 and under state tort law. Finding no error, we affirm.

I.

The pertinent facts, which are undisputed, are as follows. In 2002, defendant Thomas Mierzwa assaulted his brother, Edward Mierzwa. The police from the City of Garfield, New Jersey, responded to the incident, investigated, prepared an incident report, and as a result, filed a criminal complaint against Thomas. While the complaint was pending, Edward requested that the Bergen County Prosecutor indict Thomas for aggravated assault, but the request was denied. Edward then requested that the Garfield Municipal Court permit him to file a private citizen complaint against Thomas, but that request was also denied. Thereafter, Edward filed an untimely Tort Claim Notice with the New Jersey Attorney General citing the state judiciary's alleged improprieties in handling the Municipal Court complaint. The Mierzwas then filed this action in the District Court raising claims under state and federal law against numerous defendants, including allegations that various federal judges signed "frivolous" orders in a separate civil action.

As to the defendants against whom the Mierzwas did not raise a § 1983 claim, the District Court found that it lacked subject matter jurisdiction, and dismissed the claims. The District Court also found that the claim against the United States was solely based

upon orders signed by federal judges, who are entitled to absolute immunity. Thus, the District Court also dismissed those claims, but permitted the Mierzwas' claims against the remainder of the defendants predicated upon § 1983 to proceed. After the District Court denied the Mierzwas' motion for reconsideration, the City of Garfield and several of its employees (collectively, "Garfield defendants") filed motions to dismiss, or in the alternative, for summary judgment, and the State of New Jersey ("State") filed a motion to dismiss.

The District Court found that because a two-year statute of limitations applies to the Mierzwas' § 1983 claims, all events that occurred before February 19, 2002 are not cognizable. The District Court also found that the Mierzwas' tort claims against the Garfield defendants lack merit as they did not comply with the Notice of Claim provision under the New Jersey Tort Claims Act. The Court next found that the due process claims against the Garfield defendants lack merit as the discretionary decision whether to pursue a criminal complaint rests with the prosecuting attorney. The District Court found as well that the tort claims against the State lack merit as the Mierzwas' Notice of Claim was both vague and untimely. Finally, the Court found that because the State is immune from liability under § 1983, the Mierzwas' due process claim lacks merit. Therefore, the District Court granted the State's motion to dismiss and the Garfield defendants' motion for summary judgment. The Mierzwas filed a motion for reconsideration, which was

denied.  This appeal followed.[1]

II.

The Mierzwas make no substantive arguments on appeal, but assert generally that the District Court's decision should be reversed.  Br. at 8.  Nevertheless, we have carefully reviewed the record and find no basis to disturb the District Court's judgment. We first consider the District Court's dismissal for lack of subject matter jurisdiction. The claims against the following defendants either did not present a federal question or were unrelated to the § 1983 claims: Gruber and Colabella; Thomas Mierzwa; Jane Mierzwa; Peterpaul, Clark, and Corcoran, P.C.; Ronald Schwartz, Esq.; Robert Skikhman; Saulius Skikhman; Traci Skikhman; Estate of Telesh; and Valley National Bank.  See 28 U.S.C. §§ 1331, 1367.  In addition, complete diversity of citizenship was absent.  See 28 U.S.C. § 1332.  Therefore, the District Court properly dismissed the claims against the above defendants.  See 28 U.S.C. § 1367.

To the extent the Mierzwas sued the United States, they are barred from doing so under the doctrine of sovereign immunity.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Insofar as the Mierzwas raised a claim against federal judges based upon orders they issued in their judicial capacity, the judges enjoy absolute immunity from damages liability in a § 1983 action for such acts.  See Dennis v. Sparks, 449 U.S. 24, 27 (1980).

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's determination of law that it lacks subject matter jurisdiction. Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004).  We also exercise plenary review over the District Court's decision to grant summary judgment and will use the same test as below.  Belitskus v. Pizzingrilli, 343 F.3d 632, 639 (3d Cir. 2003).

As to the state tort law claims against the Garfield defendants, the record reflects that the Mierzwas did not file a timely Notice of Claim in accordance with the New Jersey Tort Claims Act.  See N.J. Stat. Ann. § 59:8-8, 59:8-8(a).  In addition, the individual Garfield defendants (police and prosecutor) enjoy qualified immunity as their conduct in investigating the incident between Edward and Thomas did not violate clearly established constitutional rights of which a reasonable person would have known.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Therefore, the District Court properly granted summary judgment in favor of the Garfield defendants.

As to the remaining state tort law claim that the ambulance was unduly delayed in transporting Edward to the hospital for emergency care on the day he was assaulted, the record indicates that the Mierzwas filed a Notice of Claim well beyond the ninety-day statutory period.  See N.J. Stat. Ann. § 59:8-8(a).  Therefore, the District Court properly dismissed this claim.  Finally, the Mierzwas' § 1983 claims against the State were properly dismissed as the State is immune from liability under this section.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

III.

For the foregoing reasons, we affirm the District Court's judgment.