

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2008

# Mierzwa v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mierzwa v. USA" (2008). *2008 Decisions*. Paper 973.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/973

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3362
_____

EDWARD J. MIERZWA; PATRICIA A. MIERZWA,
                                            Appellants

v.

UNITED STATES OF AMERICA; STATE OF NEW JERSEY; CITY OF FAIR LAWN;
CITY OF GARFIELD; CITY OF PEQUANNOCK; ANTHONY BLACKFELD;
SAULIUS SHIKHMAN; TRACI SHIKHMAN; RICHARD URAM; ROBERT
SHIKHMAN; NORTH JERSEY MEDIA GROUP; ARKADIUSZ M. DUDEK; CHRIS
GAFFNEY; DIANE GAFFNEY; JOHN P. KEATING; JOSEPH G. MARSH; ROSE
ANNE MERENDINO; JEFFREY R. STEWART; JAMES B. ZANGARA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-05268)
District Judge:  Honorable Faith S. Hochberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

Opinion filed June 26, 2008
_____

OPINION
_____

PER CURIAM

This action was brought by pro se litigants Edward and Patricia Mierzwa (the "Mierzwas"), pursuant to 42 U.S.C. § 1983, against multiple defendants for violations of their civil rights under the Fourteenth Amendment and under state tort law. They now appeal from three District Court orders disposing of their claims. The first order dismissed the Mierzwas' claims with prejudice against Defendants Chris and Diane Gaffney, North Jersey Media Group ("NJMG"), and various City of Garfield employees[1] for alleged violations of their constitutional rights under the Fourteenth Amendment; the second denied the Mierzwas' motion for reconsideration of the first order, and the third granted summary judgment in favor of Garfield police Officers Joseph Marsh, Jeffrey Stewart and John Keating. The Mierzwas also object to the District Court's dismissal or termination of various other parties from the lawsuit. Finding no error, we will affirm.

**I.**

The Mierzwas' § 1983 lawsuit arose out of a series of events that began on October 8, 2005, when Mr. Mierzwa attempted to back his car out of his driveway and became wedged between his neighbors' vehicles which were parked on either side of his driveway. Mr. Mierzwa called the Garfield Police Department for assistance and the

---

[1]The Mierzwas claim constitutional violations by Garfield Municipal Court Administrator Rose Ann Merendino, the City of Garfield, the Garfield Police Department, and Garfield Police Officers Anthony Blackfeld, Arkadiusz M. Dudek, John P. Keating, Joseph G. Marsh, Jeffrey R. Stewart, and James Zangara.

officers who responded to the call successfully freed his car. According to the Mierzwas' complaint, Officer Dudek advised Mr. Mierzwa prior to leaving the scene that, in the event of a repeat episode, Mr. Mierzwa would be "arrested for blocking the public roadway."

Two days later, on October 10, 2005, Mr. Mierzwa again called the Garfield Police Department, complaining that he was unable to exit his driveway because vehicles were blocking his exit. According to the police report, when the officers arrived, Mr. Mierzwa approached them, shouting obscenities. Defendants Officers Marsh and Keating both instructed Mr. Mierzwa to step to the curb, lower his voice and calm down. When he continued to shout and refused to comply with their directions, Defendant Marsh advised Mr. Mierzwa that he was under arrest for tumultuous behavior. Defendants attempted to administer handcuffs; however, Mr. Mierzwa refused to comply, instead flailing his arms in an attempt to break free and enter his home. Defendants allegedly used force to tackle Mr. Mierzwa to the ground and Defendant Marsh applied arm locks to restrain him. When restraint was unsuccessful, Defendants used pepper spray to subdue Mr. Mierzwa and effectuate the arrest.

Defendants then transported Mr. Mierzwa to Garfield Township Police Headquarters, where he was treated by EMS personnel for the effects of the pepper spray. Mr. Mierzwa was then taken to Bergen Regional Medical Center for psychiatric evaluation and treatment. The following day, Mr. Mierzwa was treated at Mountainside

3

Hospital for a sprained knee and discharged.

Thereafter, the Mierzwas commenced a civil rights lawsuit against multiple parties, including Diane and Chris Gaffney, whose cars had allegedly blocked the Mierzwas' driveway, because of the "unreasonable and excessive force" used during the arrest of Mr. Mierzwa. Based on an article written about the incident published in the Shopper News on October 19, 2005, the Mierzwas also allege that the NJMG defamed Mr. Mierzwa.

The Complaint also contains claims arising out of a February 2004 lawsuit filed by the Mierzwas against many of the same Defendants.[2] Following Mr. Mierzwa's attempt to serve that complaint on Defendants Saulius and Traci Shikhman at their home, the Mierzwas alleged that the Shikhmans "initiated chaotic police activity," filed a frivolous police report against Mr. Mierzwa and filed a bad faith notice in lieu of complaint for trespassing. This, and other activities, were allegedly initiated in conjunction with Defendants City of Garfield, City of Fair Lawn, and the City of Pequannock. Officer Richard Uram allegedly committed acts of "gross negligence" and disrupted the Mierzwas' "quiet enjoyment" on February 19, 2004, after he responded to the Shikhmans' complaint. The Mierzwas' Complaint also contains a common law loss of consortium claim on behalf of Patricia Mierzwa. Finally, the complaint alleges misconduct by the

---

[2]The Mierzwas' February 2004 lawsuit was dismissed in July 2004. See Edward Mierzwa, et al. v. City of Garfield, et al., Docket No. 2:04-cv-721. This Court affirmed the District Court's judgment on October 19, 2005. See Mierzwa v. City of Garfield, 170 Fed. App'x. 212 (3d Cir. 2005).

District Court and the Third Circuit Court of Appeals in connection with the disposition of their prior Complaint.

By order dated September 1, 2005, the District Court dismissed the Mierzwas' claims against the United States for lack of jurisdiction. The Court dismissed the Mierzwas' claims against the State of New Jersey based on Eleventh Amendment immunity and because New Jersey is not a "person" as defined by 42 U.S.C. § 1983 and therefore not amenable to suit under the statute.

By order dated August 9, 2006, the District Court dismissed the complaint with prejudice against Defendants Chris and Diane Gaffney, NJMG, Rose Ann Merendino, Officers Dudek, Blackfeld and Zangara, the City of Garfield, and the Garfield Police Department. The Court declined to exercise supplemental jurisdiction over the Mierzwas' remaining state law claims, including loss of consortium. On September 11, 2006, the Court denied the Mierzwas' motion to reconsider the August 9th Opinion and on January 11, 2006, the District Court terminated Defendants Robert Shikhman, Saulius Shikhman, Traci Shikhman, and Richard Uram, apparently for lack of subject matter jurisdiction. The Mierzwas' claims against Defendants Officers Marsh, Stewart and Keating were allowed to proceed.

On July 26, 2007, following completion of discovery, the District Court issued an order granting Defendants Marsh, Stewart and Keating's motion for summary judgment on the ground that Defendants were entitled to qualified immunity. The Court determined

5

there was no issue of material fact as to whether a reasonable officer would believe Mr. Mierzwa's actions posed a threat to the safety of the Defendants. The Court also concluded there was no genuine issue of material fact as to whether Plaintiff resisted arrest and that no reasonable police officer would believe that the arresting officers used excessive force under the circumstances.

## II.

### A. Dismissal of The State of New Jersey and the United States

To the extent that the Mierzwas complain in their informal brief that "[p]arties were terminated from the action without a signed order," we will review whether the District Court properly dismissed the Mierzwas' claims against the State of New Jersey and the United States. See Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139 (3d Cir. 1998) (an appeal from a final judgment will implicate all non-final orders and rulings which produced the judgment).

The District Court was correct in ruling that the Mierzwas' § 1983 claims against the State of New Jersey are barred by Eleventh Amendment immunity. The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court. See Ritchie v. Cahall, 386 F. Supp. 1207, 1209-10 (D.N.J. 1974) (holding that State of New Jersey did not waive its sovereign immunity for purposes of lawsuits filed in federal court when it enacted the Tort Claims Act).

Moreover, the State was properly dismissed from the Mierzwas' suit because New

Jersey is not recognized as a "person" under § 1983. See 42 U.S.C. § 1983 ("Every person who . . . causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .") (emphasis added); see also Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (holding that states and state officials, acting in their official capacity, are not "persons" under § 1983); United States ex rel. Foreman v. State of N.J., 449 F.2d 1298 (3d Cir. 1971) (holding that State of New Jersey is not a "person" under § 1983 and thus not amendable to suit under that statute).

The United States is likewise an improper party because sovereign immunity has not been waived in a case such as this one where the Mierzwas seek damages for decisions of the District Court in prior actions. To the extent that the Mierzwas' claim can be construed as a claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), it cannot be maintained because a plaintiff may not use Bivens to pursue constitutional claims against the United States or its agencies. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). The doctrine of sovereign immunity bars all suits against the United States except where such immunity is explicitly waived by Congress. United States v. Mitchell, 445 U.S. 535, 538 (1980). Neither the United States nor its agencies have waived sovereign immunity for constitutional claims. See United States v. Testan, 424 U.S. 392, 400-02 (1976); see also F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (declining to recognize a direct action for damages against federal agencies).

7

The Mierzwas' attempt to hold the United States liable for the actions of its judges must also be rejected. Judges enjoy absolute immunity for the judicial actions taken in the course of judicial proceedings. Dennis v. Sparks, 449 U.S. 24, 27 (1980). All the conduct complained of by the Mierzwas involves actions within the jurisdictional purview of the Court and such actions are protected by absolute immunity. See Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985).

**B.      Dismissal of the City of Garfield, et al., Chris and Diane Gaffney, and North Jersey Media Group**

The Mierzwas claim constitutional violations for the following actions: 1) Court Administrator Rose Ann Merendino's refusal to dismiss the Gaffneys' Complaint filed against the Mierzwas; 2) Officer Blackfeld's visit to the Mierzwas' residence on February 19, 2004; 3) Officer Dudek's interaction with Mr. Mierzwa on October 8, 2005, after helping Mr. Mierzwa unblock his car from the roadway; 4) Officer Zangara's alleged statement to Mr. Mierzwa that a no-parking zone would be created in front of the Mierzwas' residence; and 5) the Garfield Police Department's alleged willful obstruction of the Mierzwas' access to the incident report regarding events of October 8, 2005. For substantially the reasons explained by the District Court in its August 9, 2006 Order, we agree that the Mierzwas have failed to establish a constitutional violation by City of Garfield employees Merendino, Dudek, Blackfeld, Zangara, the City of Garfield itself or the Garfield Police Department. Accordingly, dismissal of those Defendants was proper.

The Mierzwas have likewise failed to set forth a viable claim against Chris and

8

Diane Gaffney and North Jersey Media Group. As the District Court explained, to succeed under 42 U.S.C. § 1983, a plaintiff's constitutional rights must have been violated by a defendant acting under color of state law. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 180 (1997). Private actors may be deemed to have acted under color of state law if their conduct is fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Manifestations of state authority may include "flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute involving others pursuant to a duty imposed by police department regulations." Barna v. City of Perth Amboy, 42 F.3d 809, 816 (3d Cir. 1994). Although the Mierzwas allege that the Gaffneys' vehicles that blocked the Mierzwas' driveway, "brandished gold medallions originating in NJ law enforcement issue," (see Second Am. Compl. at 7), the mere presence of NJ law enforcement emblems, as in this case, is insufficient to state a claim for "acting under color of state law" where there is no allegation that the Gaffneys purported to exercise official authority over the Mierzwas for the purpose of depriving them of their constitutional rights. See Wyatt v. Cole, 504 U.S. 158, 161 (1992) (the "purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").

Neither the North Jersey Media Group, nor the Gaffneys, are state actors, nor did they act under color of state law; therefore, they cannot be liable under 42 U.S.C. § 1983,

and thus the District Court did not err by dismissing Mierzwas' federal claims against them.[3]

## C. Summary Judgment in Favor of Defendants Officers Marsh, Stewart and Keating

We exercise plenary review over the District Court's grant of summary judgment on the ground of qualified immunity. Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005). To survive a motion for summary judgment, the Mierzwas cannot rest solely upon their allegations in the pleadings, but rather must set forth specific facts such that a reasonable jury could find in their favor, thereby establishing a genuine issue of fact for trial. Id. at 267. The Mierzwas have not met their burden.

Whether Defendants are entitled to qualified immunity requires a two-step inquiry: whether the Officers' acts violated a constitutional or statutory right, and if they did, whether that right was clearly established at the time of the violation. See Yarris v. County of Del., 465 F.3d 129, 140-41 (3d Cir. 2006) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). To determine whether Defendants committed a constitutional violation by using excessive force in the context of an arrest, the Court applies the Fourth

---

[3]The District Court properly declined to exercise supplemental jurisdiction over the Mierzwas' remaining state law claims against the Gaffneys, NJMG, Rose Ann Merendino, Officers Dudek, Blackfeld and Zangara, the City of Garfield, and the Garfield Police Department for loss of consortium. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). To the extent that the Mierzwas claim loss of consortium for Mrs. Mierzwa with regard to any other Defendants, their failure to argue this point in their opening brief constitutes waiver of that argument on appeal. See In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003).

Amendment's "reasonableness test." Graham v. Connor, 490 U.S. 386, 395 (1989). Application of the test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. Other relevant factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." Estate of Smith v. Marasco, 318 F.3d 497, 515 (3d Cir. 2003) (citing Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997)).

The Mierzwas have not produced evidence from which a finder of fact could arguably infer that the Defendants' use of force was objectively unreasonable in light of the circumstances surrounding his arrest. Although Mr. Mierzwa was arrested in connection with a minor offense (tumultuous behavior), the undisputed facts show that he demonstrated unprovoked animosity towards Defendants upon their arrival at the scene and refused to comply with their requests that he calm down and step to the curb. These circumstances gave Defendants probable cause to believe Mr. Mierzwa was violating applicable criminal law by creating a public disturbance and reason to believe that he potentially constituted a threat to their safety. Defendants gave Mr. Mierzwa fair warning

11

of the consequences of his behavior, advising him that he would be subject to arrest if he failed to calm down and cease creating a disturbance. It is undisputed that Mr. Mierzwa failed to comply and attempted to leave the scene and evade arrest. As a result, Defendants used physical force to restrain him in order to effectuate the arrest. Mr. Mierzwa continued to resist arrest by flailing his arms and trying to break free and Defendants used pepper spray to complete the arrest when physical restraint proved ineffective.

The Supreme Court affords arresting officers "the right to use some degree of physical coercion . . . ." Graham, 490 U.S. at 396. Here, the arresting officers did not use more physical coercion than necessary. When Mr. Mierzwa continued to resist, it was reasonable for the officers to physically restrain him and to administer the pepper spray in order to effectuate the arrest. The use of the pepper spray, given Mr. Mierzwa's non-compliance, was plainly proportional to the need for force. See, e.g., Janicsko v. Pellman, 774 F. Supp. 331, 341-42 (M.D. Pa. 1991), aff'd, 970 F.2d 899 (3d Cir. 1992) (denying summary judgment because officer may have repeatedly kicked plaintiff, but stating "[t]he other measures used by defendants, the restraints, the pulling of hair, the manhandling, may be viewed as a matter of law the concomitants of a contested arrest."). Because the Mierzwas have failed to meet their burden of showing a genuine issue of material fact as to the first prong of the qualified immunity test we need not reach the second prong.

12

Other than the bald allegations in their pleadings, the Mierzwas have failed to produce affidavits or other evidence showing a genuine issue for trial. Therefore, summary judgment was properly entered in favor of Defendants Officers Marsh, Stewart and Keating on the issue of qualified immunity. See Fed. R. Civ. P. 56(e).[4]

**III.**

For the foregoing reasons, we will affirm the District Court's judgment. The Mierzwas' motion to file additional reply briefs in this matter is denied.

---

[4]It also appears the District Court properly terminated Robert, Saulius and Traci Shikhman and Richard Uram from the case. It appears that the Mierzwas' claims against them either did not present a federal question or were unrelated to their § 1983 claims. See 28 U.S.C. §§ 1331, 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim (a) if–(3) the district court has dismissed all claims over which it has original jurisdiction."). In addition, it also appears that complete diversity of citizenship was absent. See 28 U.S.C. § 1332.